George F. DeLORTO

v.

UNITED PARCEL SERVICE, INC.

Civ. A. No. 74–4953–C.

United States District Court,
D. Massachusetts.

Sept. 11, 1975.

Richard A. Morocco, Jr., Holden, Mass., for plaintiff.

Robert Glass, Robert W. Garrett, Nutter, McClennen & Fish, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the court on the basis of defendant's motion to dismiss plaintiff's amended petition to vacate arbitrator's award. The motion is filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

Plaintiff's amended petition alleges in substance that he is a resident of

Massachusetts, that he was an employee of defendant United Parcel Service, Inc., a New York corporation, for the 18 years next prior to his discharge from employment by defendant on February 24, 1973, and that this controversy involves more than $10,000 exclusive of interest and costs. He further alleges that he received a letter of discharge from defendant which stated ". . . your actions on February 15, 1973—when you were insubordinate in respect to your assigned job duties, and subsequently on February 16, 1973, when you made threats of physical assault on your manager—have been investigated and substantiated." He also alleges that prior to his discharge he received no written warning notice, as required by Article 10, section 1 of the collective bargaining agreement in effect between his employer and Local No. 170, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, of which he was a member.

The question of plaintiff's discharge was referred to arbitration in accordance with Article 7, section 1, of said bargaining agreement, and on April 18, 1973 the arbitrator issued an award upholding plaintiff's discharge.

The instant case was not filed in this court until October 25, 1974. Plaintiff seeks herein an order of this court vacating the arbitrator's award, reinstatement of his employment, and money damages. Jurisdiction is claimed both on the basis of diversity of citizenship and on the basis of the Labor Management Relations Act, 29 U.S.C.A. § 185 (a).

The motion to dismiss is premised on the grounds that the statute of limitations has expired for the filing of any litgation seeking to vacate the arbitrator's award. The United States Arbitration Act provides:

"Notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12.

Plaintiff admits that he has not complied with this statutory time requirement.

Plaintiff's claim for relief pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185(a), is subject to the limitation period contained in the appropriate state statute of limitations. *International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Mass.G.L., ch. 150C, § 11, provides:

"An application [to vacate an arbitrator's award] shall be made within thirty days after delivery of a copy of the award to the applicant . . . ."

Thus, the instant action, which was filed approximately 18 months after the making of the award is barred by the state as well as by the federal statute of limitations.

Plaintiff seeks to avoid the effect of the lapse of time by asserting that the arbitrator did not have jurisdiction of the dispute and that, therefore, the time bar does not apply. This contention has been disposed of adversely to plaintiff by a ruling handed down in *Hill v. Aro Corp.*, 275 F.Supp. 482, 485–87 (N.D.Ohio, 1967), where the court ruled in substance that the expiration of the three month period provided for by the federal statute is an absolute bar to the commencement of litigation, and the fact that plaintiff premised his case as an attack on the jurisdiction of the arbitrator to make the award is immaterial.

Lastly, it should be noted that even if the two statutes of limitation had not run, defendant would be entitled to a dismissal of this complaint because it does not state a claim for relief under § 301, lacking as it does, an allegation that the Union breached a duty of fair representation of plaintiff's interests at the arbitration hearing. See *Otero v.*

**410**

*International Union of Electrical, Radio and Machine Workers,* 474 F.2d 3 (9 Cir. 1973); *Cady v. Twin Rivers Towing Co.,* 486 F.2d 1335 (3 Cir. 1973); *O'Sullivan v. Getty Oil Co.,* 296 F.Supp. 272 (D.Mass.1969); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In *Ballou v. General Electric Co.,* 393 F.2d 398 (1 Cir. 1968), the Court of Appeals ruled that a case should not be dismissed at the pleading stage unless it appears to a legal certainty that the plaintiff is entitled to no relief. I rule, for the reasons stated above, that it is clear that plaintiff is entitled to no relief and the petition should be dismissed.

Judgment accordingly.