**Anthony BARBARINO, Plaintiff,**

v.

**ANCHOR MOTOR FREIGHT, INC., Defendant.**

**No. Civ. 76–159.**

United States District Court, W. D. New York.

Oct. 28, 1976.

Richard J. Lippes, Sargent & Lippes, Buffalo, N. Y., for plaintiff.

Richard B. Passen, Jaeckle, Fleischmann & Mugel (local counsel), Buffalo, N. Y., Bernard S. Goldfarb, Goldfarb & Reznick, Cleveland, Ohio, for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff commenced this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging that he was wrongfully discharged and that a subsequent decision rendered by a joint arbitration committee upholding such discharge was improper and should be vacated. Defendant has moved to dismiss on the grounds that plaintiff's complaint is time-barred by CPLR § 7511(a) and that it does not state a claim upon which relief can be granted because it fails to allege breach of the duty of fair representation. Plaintiff submits that CPLR § 213(2) is the appropriate statute of limitations and moves for leave to amend his complaint.

A union has a duty to represent employees fairly, honestly and in good faith throughout the grievance and arbitration process. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). It is well settled that in a Section 301 action seeking to vacate a joint arbitration committee's decision, the employee must allege and prove not only that his discharge was contrary to the contract but also that the union breached its duty of fair representation. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Failure to allege a breach of such duty—*i. e.,* that the union's actions were arbitrary, discriminatory or in bad faith—is fatal to an employee's suit under Section 301 seeking damages against his former employer for his allegedly wrongful discharge. *Hubicki v. ACF Industries, Inc.,* 484 F.2d 519 (3d Cir. 1973); *Lomax v. Armstrong Cork Company,* 433 F.2d 1277 (5th Cir. 1970). Where a complaint fails to allege that the union has engaged in any wrongdoing or has failed properly to represent the employee, the claim must be dismissed. *Alfieri v. General Motors Corp.,* 367 F.Supp. 1393 (W.D.N.Y.1973), *aff'd,* 489 F.2d 731 (2d Cir. 1973).

In the instant case, plaintiff's original complaint does not allege that he was inadequately represented by the union during the grievance and arbitration process. It merely alleges that the defendant employer joined in an arbitration proceeding which was "devoid of due process", did not follow the grievance procedures set forth in the collective bargaining agreement and discharged the plaintiff "without evidence of wrongdoing". Viewed in the most liberal fashion, these allegations do not in any way charge that the union breached its duty of fair representation. Plaintiff's original complaint therefore fails to state a claim upon which relief can be granted.

Plaintiff has moved for leave to amend his complaint to include an allegation that the union breached its duty of fair representation. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires". Unless the proposed amendment to the complaint will result in undue prejudice to the other party, has

been unduly delayed, has not been offered in good faith or the moving party has had repeated opportunities to cure defects by amendments previously allowed, leave to amend should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see,* 3 Moore's Federal Practice, ¶ 15.08. Defendant asserts that it has suffered prejudice by reason of the time spent researching and ˌopposing the deficiencies of the initial complaint. This is not the type of detriment which, on the facts presented to this Court, could in any way constitute undue prejudice to the defendant. In addition, there is no showing that plaintiff has acted in bad faith. Therefore, in accordance with the liberal amendment policy of the Federal Rules of Civil Procedure, plaintiff should be allowed to amend his complaint to include an allegation that the union breached its duty of fair representation unless his cause of action was time-barred.

CPLR § 7511(a) provides that an application to vacate or modify an arbitration award must be made within ninety days. On the other hand, CPLR § 213(2) provides that an action upon an express or implied contractual obligation must be commenced within six years.

■ It is well settled that, in suits brought pursuant to Section 301 of the Labor Management Relations Act, a federal district court must apply the pertinent statute of limitations of the state in which it sits. *International Union, United Auto, etc., Workers v. Hoozier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). When such actions seek to vacate arbitration awards, courts in other jurisdictions have consistently applied the statute of limitations pertaining to appeals from such awards rather than the longer statute of limitations governing actions bottomed on written contracts. *DeLorto v. United Parcel Service, Inc.,* 401 F.Supp. 408 (D.Mass.1975); *U. M. W. v. Jones & Laughlin Steel Corp.,* 378 F.Supp. 1206 (W.D.Pa. 1974); *International Brotherhood of Teamsters, Local 249 v. Motor Freight Express, Inc.,* 356 F.Supp. 724 (W.D.Pa.1973); *Hill v.*

*Aro Corp.,* 275 F.Supp. 482 (N.D.Ohio 1967). Federal labor policy favors the application of shorter periods of limitations. *U. A. W. v. Hoozier Cardinal Corp., supra.*

In *Hana Heating & A. C. Co., Inc. v. Sheet Metal Wkrs., Loc. U. 38,* 378 F.Supp. 1001 (S.D.N.Y.1974), a labor dispute involving the interpretation of a collective bargaining agreement was submitted to a joint adjustment panel. Neither party applied to vacate, modify or set aside the panel's decision within the ninety days requirement of CPLR § 7511(a). It was held that plaintiff's sole remedy was to seek judicial review of the panel's decision within such time period.

■ It is the explicit policy of federal labor legislation to promote the speedy resolution of disputes through arbitration and to give finality to the decisions of arbitrators. *Hill v. Aro Corp., supra,* at 486–7. In the instant case, the application of the six years statute of limitations would undermine the arbitral process by subjecting the joint committee's decision to the possibility of appeal for an extended length of time. *U. A. W. v. LaCrosse Cooler Co.,* 406 F.Supp. 1213, 1215 (W.D.Wis.1976). The Second Circuit's decisions which applied the contract statute of limitations to Section 301 and Railway Labor Act suits did not involve previous arbitration awards and are thus inapposite to the case at hand. *See, Jones v. Trans World Airlines, Inc.,* 495 F.2d 790 (2d Cir. 1974); *Abrams v. Carrier Corporation,* 434 F.2d 1234 (2d Cir. 1970).

■ Plaintiff asserts that the grounds for vacating an arbitration award contained in CPLR § 7511(b) do not include an employer's breach of a collective bargaining contract and a union's failure to fulfill its statutory duty of fair representation. This contention is ill-founded. In the instant action, the alleged wrongful discharge of the plaintiff in violation of the collective bargaining agreement is encompassed by the term "misconduct" listed in CPLR § 7511(b)(1)(i).

Plaintiff's claim that, prior to the Supreme Court's decision in *Hines v. Anchor*

*Motor Freight, supra,* an employee could not sue his employer for wrongful discharge after a decision by a joint arbitration panel is clearly erroneous. Prior to that decision, it was well established that an employee has a cause of action against his employer and his union for breach of the collective bargaining contract and for failure to fulfill the duty of fair representation and that such employee could proceed in federal court subsequent to the decision of an arbitration committee. *Steinman v. Spector Freight System, Inc.,* 441 F.2d 599 (2d Cir. 1971).

Plaintiff's complaint does not state the date of the joint committee's decision. This information is presented by defendant in its supporting affidavits and exhibits. Plaintiff has had ample opportunity to contest this fact in his reply memorandum and at oral argument and has not done so. I find that there is no genuine issue of fact relating to the date of the arbitration decision and accept the date proffered by defendant in his papers. The relevant New York statute of limitations is CPLR § 7511(a). Plaintiff's discharge was upheld by a decision rendered by the joint arbitration committee on March 21, 1975. Plaintiff did not file his complaint until April 8, 1976 and thus did not comply with the time limit of ninety days.

Defendant's motion to dismiss is hereby granted.