Robert L. GRANT, Plaintiff,

v.

MULVIHILL BROTHERS MOTOR SERVICE, INC., an Illinois Corporation and Chicago Truckdrivers, Helpers, and Warehousemen of Chicago and Vicinity (Independent), a Delaware corporation, Defendants.

No. 74 C 2145.

United States District Court,
N. D. Illinois, E. D.

Dec. 3, 1976.

Edward Parson, Chicago, Ill., for plaintiff.

William B. Crawford and Irwin I. Zatz, Arvey, Hodes, Costello & Burman, Chicago, Ill., for Chicago Truckdrivers, Helpers & Warehousemen of Chicago and Vicinity.

James K. Gardner, William B. Crawford, Chicago, Ill., for Mulvihill Bros. Motor Service, Inc.

## MEMORANDUM DECISION

MARSHALL, District Judge.

The plaintiff Robert Grant brought this action for breach of a collective bargaining agreement pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 (1970), against his employer, Mulvihill Brothers Motor Service, Inc. (Mulvihill), and his Union, Chicago Truckdrivers, Helpers, and Warehousemen of Chicago and Vicinity. Pending for decision is the Union's motion to dismiss the claim against it as barred by the statute of limitations. The issue raised by the motion is whether the Illinois limitation for tort actions or for contract actions applies to an employee's claim for breach of the Union's duty of fair representation when the employee joins both the Union and the employer as defendants in a suit to redress a violation of a collective bargaining agreement. The parties agree that the plaintiff's claim against the Union accrued over two, but less than three, years before suit was filed.

■ State law provides the governing limitations period for a § 301 action. *International U.A.W., AFL–CIO v. Hoosier Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). The circuits divide, however, on the narrower question of whether the period of limitations for contract or tort actions applies to a claim against a Union which is joined as a defendant in a § 301 action.

This issue has not, to our knowledge, been addressed by the Seventh Circuit or the United States Supreme Court. The First and Fifth Circuits have characterized the Union's breach of its duty of fair representation, when raised in a § 301 suit, as a tort. *de Arroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO*, 425 F.2d 281 (1st Cir.), *cert. denied*, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970); *accord, Sanderson v. Ford Motor Co.*, 483 F.2d 102 (5th Cir. 1973). In contrast, the Second and Eighth Circuits, while conceding that the Union's failure to fairly represent an employee generally sounds in tort, have applied the state limitation period for contract actions, provided that the claim against the Union is presented in a § 301 suit. *Butler v. Teamster Local 823*, 514 F.2d 442 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Abrams v. Carrier Corp.*, 434 F.2d 1234 (2d Cir. 1970). We conclude the latter view is better reasoned.

■ To determine which state limitation period applies in a suit to vindicate a federal right, we look to both the character of the asserted claim, and the nature and objectives of the federal act from which the claim derives. *Abrams*, 434 F.2d at 1251–52. The statutory duty of fair representation can be analogized to an agent's fiduciary responsibility to his principal, which entails special duties of care and loyalty. A breach of the fiduciary's unique obligations to his principal may sound either in contract, *Anderson v. Doss*, 133 Ill.App.2d 798, 271 N.E.2d 109 (1971), or in tort, 1 I.L.P. *Agency* §§ 61, 76 (1953); D. Dobbs, *Remedies* § 10.4 (1973); F. Mechem, *Law of Agency*, § 517 (4th ed. 1952). Most courts which have attempted to characterize a breach of the Union's duty have recognized tortious qualities in the Union's arbitrary or malicious treatment of the employee's grievance. *See, e. g., Butler*, 514 F.2d at 447; *de Arroyo*, 425 F.2d at 287. Conceivably the courts are persuaded that the Union's breach is a tort because the Union's duty clearly derives from statute, and no underlying contract is obvious. Regardless of the impetus, the drawing of the analogy to a confidential relationship and the resulting characterization of the Union's breach as tortious conduct is fitting.

■ Although it would thus seem appropriate to apply the tort limitation if the

aggrieved employee brings a single-count complaint against the Union for breach of its duty of fair representation, the tort limitation presents a problem when the issue of the Union's breach arises in the context of a § 301 action. The purpose of the § 301 action is to redress the employer's violation of the collective bargaining agreement. *See Vaca v. Sipes,* 386 U.S. 171, 182–85, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Courts have agreed that the employer's breach gives rise to a contract claim, and have applied the state limitation period governing contract actions, *Butler,* 514 F.2d at 446–47; *see de Arroyo,* 425 F.2d at 286. The employee's contract claim, however, would have been resolved within the contractual grievance process but for the Union's failure to fairly represent the employee. *Vaca,* 386 U.S. at 185, 87 S.Ct. 903. Because of this interrelationship, proof of the Union's breach is a prerequisite to the employee's recovery against his employer and joinder of the Union as a defendant facilitates this evidence in the employee's prosecution of his § 301 suit. *Id.* at 186, 87 S.Ct. 903. Thus, while the Union's breach is a separate and distinct claim, based upon the Union's statutory position as exclusive bargaining agent, its joinder in the § 301 suit does not alter the essence of that suit against the employer as one for breach of the collective bargaining agreement. *Id.* at 187, 87 S.Ct. 903.

Given the primary function of the § 301 suit as a vehicle to redress contract violations, the characterization of the Union's breach as a tort presents a dilemma. If we characterize the Union's conduct as a tort and the employer's conduct as a breach of contract, two different limitation periods may govern interrelated claims within a single (§ 301) lawsuit. Under the facts obtaining here, a tort claim against the Union is barred by the Illinois two year limitation, Ill.Rev.Stat. ch. 83 § 15, although the contract claim against the employer is still viable, and paradoxically, dependent upon a resolution of the allegations against the Union. But if we apply the contract limitation to both claims, upon the rationale that the gravamen of the § 301 suit is a

contract claim, then the Union's vulnerability to suit on a three year old fair representation claim turns upon whether the employee joins the Union in a § 301 suit or sues the Union in a separate action. This spectre of inconsistent choices of limitation for a claim against the Union, dependent upon joinder or non-joinder with a § 301 claim, prompted the First Circuit in *De Arroyo* to apply the tort limitation to the Union's breach in a § 301 suit. The court, however, exhorted Congress to establish identical limitations for the claims against the Union and the employer, to the end that the § 301 suit would be governed by a single statute of limitations. 425 F.2d at 286–87.

Although we recognize the concern of the First Circuit, we feel that federal labor policy is best advanced by the application of a single statute of limitations for the claims presented in a § 301 suit. The Union's breach of its duty of fair representation may sound in tort. But when the Union's conduct is challenged within the context of a § 301 suit to redress the employer's violation of the collective bargaining agreement, the Union's failure "participates" in the contract violation. Admittedly, the employee has two distinct claims which he might pursue in separate actions, but analytically his grievance is a single injury—breach of the collective bargaining agreement—which is exacerbated by the Union's mishandling. Because of the interdependence of the employer's contract violation and the Union's fiduciary violation in the § 301 action, we feel a single statute of limitations is appropriate.

Moreover, because the employer's liability depends upon the Union's conduct, it seems inherently unfair to allow the Union to raise the limitations defense while denying it to the employer. The liability of both defendant parties is so closely interrelated that it makes sense to permit the court to fashion a remedy with respect to both defendants, apportioning the plaintiff's damages according to each defendant's respective fault. *Butler,* 514 F.2d at 448, discuss-

**48**

ing *Vaca v. Sipes,* 386 U.S. 171, 187, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

Accordingly, we hold that when an employee pursues a claim that the Union breached its duty of fair representation in a § 301 action against the employer for breach of the collective bargaining agreement, the statute of limitations for contract will be applied to both claims. *Butler v. Teamsters Local 823,* 514 F.2d 442 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2d Cir. 1970).

We emphasize, as did the Second Circuit in *Abrams,* 434 F.2d at 1234 n.15, that our decision to apply the limitation period for contracts to the facts presented here is not intended to suggest that the same conclusion would be reached if the employee were to press his claim against the Union outside the context of a § 301 action. We intimate no opinion on that question.

Illinois has two limitation periods for contract actions. Ill.Rev.Stat. ch. 83, §§ 16, 17. Section 16 governs actions upon unwritten contracts, and requires the commencement of suit within five years of the accrual of the claim; Section 17 governs actions upon written promises and requires the commencement of suit within 10 years. We need not decide which statute of limitations governs the facts here, since plaintiff's claim is too recent to be barred by either limitation. Accordingly, the motion of the defendant Union to dismiss the claim against it as barred by the statute of limitations is denied and the cause is held for trial.