**James M. CANADA, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., an Ohio Corporation, and Highway Drivers, Dockmen, Spotters, Rampmen, Meat, Packing House, and Allied Products Drivers and Helpers, Office Workers and Miscellaneous Employees Local No. 710, International Brotherhood of Teamsters, an unincorporated association, Defendants.**

**No. 77 C 20033.**

United States District Court, N. D. Illinois, W. D.

March 3, 1978.

Charles E. Box of Connolly, Oliver, Goddard, Coplan & Close, Rockford, Ill., for plaintiff.

Marvin Gittler of Asher, Greenfield, Goodstein, Pavalon & Segall, Ltd., Chicago, Ill., for Local 710.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff brought this action against his former employer, United Parcel Service ("U.P.S."), and Union Local 710, claiming he was wrongfully discharged by U.P.S. and that Local 710 arbitrarily refused to prosecute his grievance with the company. Count I contains a Title VII challenge directed against U.P.S., in which the plaintiff contends the company discriminated against him because of his race. 42 U.S.C. § 2000e, *et seq.* (1970). Count II alleges the Union violated its duty of fair representation under the National Labor Relations Act, 29 U.S.C. §§ 158(b), 159 (1970), by arbitrarily refusing to represent the plaintiff concerning his discharge.

Local 710 has moved to dismiss Count II as barred by the applicable statute of limitations and for failure to state a claim against it. The Magistrate recommends

that we grant the motion on the statute of limitations ground. We disagree. The motion is denied in both respects.

 Since the National Labor Relations Act provides no specific period for the institution of unfair representation actions, timeliness should be determined by reference to the analogous state statute of limitations. *See International U. A. W., AFL–CIO v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 197 (1966).[1] To determine the applicable state limitations period in a suit to vindicate a federal right, the court must consider both the character of the claim asserted and the purpose of the federal act from which the claim derives. *Abrams v. Carrier Corp.,* 434 F.2d 1234, 1251–52 (2d Cir. 1970), *cert. denied* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971).

 When an employee joins an action against a union for breach of the duty of fair representation with an action against the employer for violation of a collective bargaining agreement, the circuits split on whether the fair representation action is properly treated as a tort or contract action. Thus, the First and Fifth Circuits have applied the state limitations for tort actions, even when the Union's breach of duty of fair representation is raised in a § 301 suit to redress the employer's violation of the collective bargaining agreement. *de Arroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO,* 425 F.2d 281 (1st Cir.), *cert. denied,* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970); *Sanderson v. Ford Motor Co.,* 483 F.2d 102 (5th Cir. 1973). The First Circuit reasoned that "the union's duty of fair representation to those it represents cannot be considered a 'contractual' duty . . . [because] the Union's breach was not its mere failure to submit plaintiffs' grievances in compliance with the contract but rather its arbitrary, perfunctory failure to do so." *de Arroyo,* 425

F.2d at 285–86. Moreover, the Union's obligation of fair representation extends to non-members as well as union employees. Clearly there is no basis for a contractual claim by non-union employees; and claims by union and non-union employees should not be treated differently. *Id.* at 286.

The Second and Eighth Circuits have used the state contracts limitation period in such actions, provided the claim against the Union is presented in a § 301 suit against the employer. *Butler v. Teamster Local 823,* 514 F.2d 442 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2d Cir. 1970). The gist of these opinions is that in a joint § 301 action, the same limitation period should apply to the claim against the Union as the claim against the employer. Admittedly, the action against the employer is a contract action, premised on the breach of the collective bargaining agreement. "[W]hen the Union's conduct is challenged within the context of a § 301 suit to redress the employer's violation of the collective bargaining agreement, the Union's failure 'participates' in the contract violation. . . . Because of the interdependence of the employer's contract violation and the Union's fiduciary violation in the § 301 action, . . . a single statute of limitations is appropriate." *Grant v. Mulvihill Bros. Motor Service, Inc.,* 428 F.Supp. 45, 47 (N.D.Ill.1976). Nonetheless, these courts concede that the Union's failure to fairly represent an employee is tortious in nature. "Conceivably, the courts are persuaded that the Union's breach is a tort because the Union's duty clearly derives from statute, and no underlying contract is obvious." *Grant,* 428 F.Supp. at 46.

The plaintiff in this action was discharged on February 4, 1975. The complaint was filed on June 3, 1977. The Union contends the proper statute of limita-

---

1. *Hoosier Cardinal* held that state law provides the relevant limitations period for a § 301 action brought to enforce provisions of a collective bargaining agreement. As the First Circuit has noted, the employee's suit against the union is not founded on the labor contract and thus the action may not be a § 301 suit. *de*

*Arroyo v. Sindicato de Trabajadores Packing, AFL–CIO,* 425 F.2d 281, 287 (1st Cir. 1970). Nonetheless, the logic of *Hoosier Cardinal* indicates that express state statutes of limitation should be adopted in the absence of a federal limitation period. *Id.*

tions is two years as provided for tort actions in Illinois, Ill.Rev.Stat. ch. 83, § 15, and that the action is therefore barred. Plaintiff, on the other hand, would have us treat the claim against the Union as governed by one of the contracts limitations provisions—five years for oral contracts, Ill. Rev.Stat. ch. 83, § 16, or ten years for written contracts, Ill.Rev.Stat. ch. 83, § 17. We disagree with both parties and will apply the limitations period which governs statutory causes of action. Ill.Rev.Stat. ch. 83, § 16.[2]

In the case before us, the claim against the Union is not coupled with a § 301 action against the employer. Rather, Count I, the only claim directed against the U.P.S., alleges a Title VII violation and is not premised on a breach of the collective bargaining agreement. In effect, the breach of fair representation claim in Count II is completely independent of the cause of action asserted against the employer in Count I. Thus, the reasons for applying the contract limitations period are not present in this case. The statutes of limitations will necessarily differ in Title VII and breach of fair representation suits. The claim against the Union is not intimately related to the claim against the employer, nor is there the potential for the apportionment of contract damages between the defendants as exists in joint § 301 actions.

Plaintiff contends this is a § 301 suit and therefore should be governed by the principles established in the *Grant* case, *supra.* Clearly the action against the employer is not a § 301 action. Whether the claim against the Union can be so characterized may also be questioned. *See Waters v. Wisconsin Steel Works of International Harvester Co.,* 427 F.2d 476, 490–91 (7th Cir.), *cert. denied,* 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970),[3] and *de Arroyo,* 425 F.2d at 287. *Grant,* however, is specifically

limited to cases "when an employee pursues a claim that the Union breached its duty of fair representation in a § 301 action against the employer for breach of the collective bargaining agreement." 428 F.Supp. at 48. Plaintiff's reliance on the case is thus misplaced. In fact, a later opinion also by Judge Marshall presents the more analogous situation. In *Perez v. Majonnier Brothers Co.,* Civil No. 76 C 1700 (N.D.Ill., May 23, 1977), the plaintiff sued his former employer under Title VII and the Union for breach of fair representation. The court dismissed the suit against the Union as barred by the tort limitations period, noting the distinction in cases where the claim is raised in the context of a suit to redress an alleged violation of the labor contract.

Since *Perez* was decided, the Seventh Circuit held in *Beard v. Robinson,* 563 F.2d 331 (7th Cir. 1977), that the Illinois five year statute of limitations applies to statutory claims brought under the Civil Rights Acts. We find the reasoning of the Court of Appeals compelling and will follow it in this case. Section 16 of the Illinois Limitations Act, Ill.Rev.Stat. ch. 83, § 16, establishes a five year limitations period for "all civil actions not otherwise provided for." Illinois courts have applied this five year catch-all period to causes of action created by statute. *Blakeslee's Storage Warehouses v. City of Chicago,* 369 Ill. 480, 17 N.E.2d 1, 4 (1938). The Seventh Circuit reasoned that civil rights actions are fundamentally different from common law torts. Since they are based on a liability created by statute, civil rights claims appropriately fall under the five year limitations period which Illinois courts apply to statutory causes of action. This approach also provides for uniformity and avoids the inconsistencies inherent in looking to the nature of the underlying tort to determine the applicable state statute of limitations.

---

**2.** Oral contracts are governed by a different clause of the same statutory provision.

**3.** The court in *Waters* stated that the duty of fair representation has only limited relevance to § 301(a) actions. A union may be joined as a defendant with the employer under § 301(a) where the union has prevented the enforce-

ment of an employee's grievance under the collective bargaining agreement. The court further noted that because the origin of the duty is statutory, first recognized in cases involving racial discrimination by unions, jurisdiction is proper under federal question or in some cases civil rights provisions.

It is clear that the basis of the Union's duty of fair representation is statutory. 29 U.S.C. §§ 158, 159; *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). While the breach of the duty may be tortious in nature, the action does not easily fit within the mold of a common law tort. As in *Beard,* we see no reason to look behind the statutory duty in search of common law tort analogies. Moreover, since the action is not really based on a breach of contract, we do not wish to create the fiction of a contract action. Thus, the logical approach seems to us to treat the action against the Union for breach of its duty of fair representation as a statutory action for purposes of determining the relevant state statute of limitations. We thereby avoid fictional characterizations of the nature of the action and add uniformity to the law. The Sixth Circuit adopted this approach in *Gray v. International Assoc. of Heat and Frost Insulators and Asbestos Workers, Local No. 51,* 416 F.2d 313 (6th Cir. 1969), holding that "the five year Kentucky limitation on actions based upon liabilities created by statute is applicable to the claim that [the Union] breached its statutory duty of fair representation." 416 F.2d at 316.

For the foregoing reasons, we hold that the proper limitations period in actions against a union for breach of its duty of fair representation is that found in Ill.Rev. Stat. ch. 83, § 16, establishing a five year limitations period for statutory causes of action.[4] Applying this limitations period to the complaint as filed, this action is not time barred.

Local 710 has also moved to dismiss Count II for failure to state a claim, asserting that plaintiff has failed to allege facts in support of his claim of a breach of the Union's duty of fair representation, citing *Slagley v. Illinois Central Railroad Co.,* 397 F.2d 546 (7th Cir. 1968). The basic allega-

tions are that the plaintiff notified the Union of his grievance, requested that they enforce the grievance by collective bargaining, and that the Union arbitrarily and in bad faith refused to prosecute the grievance. We agree with the Magistrate that these allegations are sufficient to survive a motion to dismiss. Facts concerning the Union's motivation for failing to pursue the plaintiff's grievance are peculiarly within the Union's knowledge. Plaintiff has alleged the most he can prior to discovery; his action should not be dismissed for failure to state a claim.

For the above reasons, the motion of defendant Local 710 to dismiss the complaint as untimely or for failure to state a claim is denied.

---

4. As noted in footnote 2, this statute also provides for a five year limitations period in cases of oral contracts, as argued by· the plaintiff. Section 16 is a multifaceted provision establishing a five year period for several different types of actions. As discussed in the opinion, we are applying only that portion of the statute governing "civil actions not otherwise provided for."