Michael WALLACE, Plaintiff,

v.

AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY, INC. and Commu-
nications Workers of America, AFL–
CIO, Defendants.

No. 77 C 1792.

United States District Court,
E. D. New York.

April 27, 1978.

Joseph Frost, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn by Edward Silver, Richard L. Wasserman, Toby R. Hyman, New York City, for defendant American Tel. and Tel. Co., Inc.

Cohn, Glickstein, Lurie, Ostrin & Lubell by Philip D. Tobin, Michael C. Ryan, New York City, for defendant Communications Workers of America, AFL–CIO.

## MEMORANDUM DECISION AND ORDER

SIFTON, District Judge.

Plaintiff Michael Wallace ("Wallace") commenced this action against his former employer, American Telephone and Telegraph Co. ("AT&T"), and against the union

of which he was a member during the relevant period, the Communications Workers of America ("CWA"), after the decision of an arbitrator sustained plaintiff's discharge by AT&T for involvement in drug-related activities on company premises.[1]  The complaint, which originally was filed in the State Supreme Court, Kings County, alleges a breach of the union's duty of fair representation in that the union provided one attorney to represent, at a combined hearing, Wallace and ten other employees also disciplined for alleged drug-related activities, under circumstances in which, as the union attorney knew or should have known, there was a conflict of interest between plaintiff and some of those other employees. In terms of relief, the complaint asserts that the alleged breach of duty by the union "warrants the reversal of the determination of the arbitrator," and further demands the reinstatement of the plaintiff to his former employment, together with damages for lost wages, counsel fees and the costs and disbursements of bringing this action.  Defendants removed the action to this Court, accurately stating in their removal petition that an action of this nature is maintainable pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and is one of which the district courts have original jurisdiction under 28 U.S.C. § 1337.

Each of the defendants has now moved separately, pursuant to Fed.R.Civ.P. 12(b), for an order dismissing this action.  For the reasons stated below, this Court has concluded that both defendants' motions must be granted.

### A.  *Motion of Defendant AT&T*

Defendant AT&T urges dismissal of this action, at least as to any claims against AT&T, on the grounds that the action is barred by the statute of limitations.

The Supreme Court has held that "the timeliness of a § 301 suit  .  .  .  is to be determined, as a matter of federal law, by reference to the appropriate state statute of

---

1.  It appears that the basis of the imposition of discipline on Wallace was one transaction in which Wallace transferred a manila envelope containing marijuana to another employee.

limitations," Congress never having enacted any federal limitations provisions for § 301 suits. *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). Disposition of defendant AT&T's motion therefore turns upon characterization of the nature of plaintiff's action for purposes of determining the applicable limitations period.

AT&T characterizes plaintiff's action as one seeking to vacate an arbitration award. New York CPLR § 7511(a) provides a ninety-day limitations period for actions of this nature. The instant action, having been brought more than six months after delivery of the arbitration award sustaining plaintiff's discharge, would be time-barred under the ninety-day statute.[2]

Plaintiff, on the other hand, characterizes his action as one for breach of contract. New York CPLR § 213(2) provides a six-year statute of limitations for breach of contract actions. Clearly, plaintiff's action would not be time-barred were it governed by this six-year statute.

In support of his characterization of his action as one for breach of contract, plaintiff advances essentially two arguments. First, plaintiff argues that the Supreme Court decision upholding an employee's right to maintain a § 301 suit against his employer on a complaint that has already been the subject of a final and binding arbitration decision speaks of the action against the employer in these circumstances as one for breach of the collective bargaining contract. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Second, plaintiff asserts that, as a non-party to the arbitration proceeding, he would have no standing to maintain an action to vacate the arbitration

award under CPLR § 7511 and that therefore the limitations period provided by that section is inapplicable to this action.

◼ Plaintiff's reliance on the bare language of the opinion in *Hines, supra,* a case in which, it must be remembered, the issue of the applicable statute of limitations never was raised, ignores important policy considerations which argue compellingly for a characterization of this action which would permit application of a short statute of limitations. Federal policy strongly favors arbitration as a means of resolving labor disputes. *United Steel Workers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). The efficacy of that policy would be seriously undermined if arbitration decisions remained open to challenge for extended periods of time. *See, e. g., Barbarino . v. Anchor Motor Freight, Inc.,* 421 F.Supp. 1003, 1006 (W.D.N.Y.1976).

◼ Moreover, the fact that plaintiff might not have the requisite standing to bring an action under CPLR § 7511 itself is irrelevant to the application of the limitations period provided in that statute to the instant § 301 action. In applying a state statute of limitations, "federal courts borrow only the chronometric aspects and not the procedural or substantive nuances of the law of the forum." *Wolf v. Frank,* 477 F.2d 467, 475 (5th Cir.) *cert. denied,* 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed.2d 218 (1973). Section 301 of the LMRA, as interpreted in *Hines, supra,* supplies plaintiff's standing to maintain the instant action and by an action like the present one, timely filed, plaintiff could have obtained such relief as he would be entitled to in the circumstances. CPLR § 7511 setting forth the most analogous state action,[3] that section is appropri-

---

2. Defendant AT&T points out that plaintiff's action would also be time-barred under the three-month limitations period for actions to vacate an arbitration award provided in the United States Arbitration Act, 9 U.S.C. § 12. At least one court, in an action similar to the present one, appears to have applied this three-month provision, rather than a state statute of limitations. *See Holodnak v. Avco Corp.,* 381 F.Supp. 191 (D.Conn.1974), *modified,* 514 F.2d

285 (2d Cir.), *cert. denied,* 423 U.S. 892, 96 S.Ct. 188, 46 L.Ed.2d 123 (1975). It should be noted, however, that plaintiff in *Holodnak, supra,* in contrast to the plaintiff in the present case, did assert one cause of action directly under the Federal Arbitration Act.

3. Among the grounds for vacating an arbitration award set forth by CPLR § 7511 is "corruption, fraud or misconduct in procuring the

ately relied upon by this Court for the narrow purpose of providing the limitations period applicable to the form of action which plaintiff has brought.

Judicial decisions to date line up solidly behind the view that, where there has been a previous arbitration award on the subject of a pending § 301 action, that action is governed by the short statute of limitations provided for actions seeking to vacate an arbitration award. *Barbarino, supra; DeLorto v. United Parcel Service, Inc.*, 401 F.Supp. 408 (D.Mass.1975); *UMW v. Jones & Laughlin Steel Corp.*, 378 F.Supp. 1206 (W.D.Pa.1974); *International Brotherhood of Teamsters, Local 249 v. Motor Freight Express, Inc.*, 356 F.Supp. 724 (W.D.Pa. 1973);[4] *Lunceford v. Western Conference of Teamsters*, 74 Lab.Cas. (CCH) ¶ 10,160 (C.D.Cal.1974); *Elrod v. Western Conference of Teamsters*, 66 Lab.Cas. (CCH) ¶ 11,941 (C.D.Cal.1971), *aff'd*, 72 Lab.Cas. ¶ 14,197 (9th Cir. 1973); *Howerton v. J. Christenson Co.*, 65 Lab.Cas. (CCH) ¶ 11,569 (N.D.Cal.1971). Plaintiff has not cited this Court to any contrary authority.

Thus, for purposes of applying the statute of limitations, plaintiff's action must be characterized as an action to vacate the previous arbitration award sustaining his discharge and that action, having been commenced more than ninety days after delivery of the arbitration award, is time-barred as to plaintiff's former employer, defendant AT&T.

■ Even if plaintiff's cause of action against AT&T were not time-barred, this Court would dismiss it based on the present pleadings. As subsequently indicated, plaintiff's claim against defendant CWA for breach of its duty of fair representation has not been sufficiently pleaded to withstand CWA's motion to dismiss. Failure properly to allege a breach of the union's duty of fair representation is fatal to an employee's § 301 action against his former employer for wrongful discharge. *Barbarino, supra* at 1005; *DeLorto, supra* at 409; *Elrod, supra*, 72 Lab.Cas. ¶ 14,197 (9th Cir. 1973); *Lomax v. Armstrong Cork Co.*, 433 F.2d 1277, 1280 (5th Cir. 1970).

## B.  *Motion of Defendant CWA*

■ Defendant CWA asserts three grounds in support of its motion to dismiss: (1) that plaintiff's pleadings purporting to allege a breach of the union's duty of fair representation are insufficient; (2) that, even assuming the truth of the facts as pleaded, the complaint fails to establish a breach of the duty of fair representation, and (3) that the claim against the union is time-barred.[5]

award." Plaintiff's claim that the union breached its duty of fair representation is encompassed by the term "misconduct." *Barbarino, supra* at 1006.

4. Contrary to plaintiff's assertions, both *International Brotherhood of Teamsters, Local 249 v. Motor Freight Express, Inc., supra*, and *UMW v. Jones & Laughlin Steel Corp., supra*, did involve actions brought under § 301 of the LRMA. Further, the fact that, in each of those cases, the union was a plaintiff rather than, as in this case, a defendant, does not, in the opinion of this Court, entail any difference in policy or analysis such that the statute of limitations holdings of those cases would be inapposite to the instant action.

5. CWA's Notice of Motion did not set forth the statute of limitations ground for dismissal. That ground was first clearly stated and argued in CWA's Memorandum of Law on Assigned Issues, was reiterated in CWA's Reply Memorandum of Law on Assigned Issues and was urged before the Court at oral argument by counsel for CWA. Because, as a result of its being the basis of defendant AT&T's motion to dismiss, the statute of limitations issue has been before the parties and the Court from the very inception of these motions, and because plaintiff had enough notice of the union's statute of limitations defense so that it could have responded specifically to that defense either in a subsequent memorandum or at oral argument, this Court sees no reason to postpone consideration on the merits of the union's assertion that the statute of limitations bars maintenance of this cause of action against the union, as well as against defendant AT&T. *Cf. King v. Mordowanee*, 46 F.R.D. 464, 477 (D.R.I. 1969) (Court deemed it "an unnecessary act" to require a *pro forma* redrafting of plaintiffs' rule 60(b) motion where, according to the Court, it could not be said that defense counsel was unaware of the specific grounds of plaintiffs' motion); *Budget Dress Corp. v. ILGWU*, 25 F.R.D. 506, 508 (S.D.N.Y.1959) (Although plaintiff's motion to strike didn't comply with

This Court holds that the claim against the union for breach of its duty of fair representation is time-barred under the same 90-day limitations period which bars the claim against the defendant AT&T.

In so doing, the Court recognizes that the duty of fair representation is independently derived from a union's statutory right to be the exclusive representative of the members of a designated unit. *See Ford Motor Co. v. Huffman*, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). The Court also recognizes that the opinions of some courts in analogous § 301 suits against both the former employer and the union have suggested that the breach of duty of fair representation claim against the union is governed by a different statute of limitations than the claim asserted against the employer. *See Baker v. R. H. Macy & Co., Inc.*, No. 77 C 912 (E.D.N.Y. dated Jan. 19, 1978) (Neaher, J.); *Pizzuto v. Hall's Motor Transit Co.*, 409 F.Supp. 427 (E.D.Va.1976); *Hill v. Aro Corp.*, 275 F.Supp. 482 (N.D.Ohio 1967).

However, the Second Circuit has held that

> "when a § 301 suit is brought against an employer alleging breach of the collective bargaining agreement in conjunction with a claim that the union breached its fair representation duty to pursue the employee's grievance, the same period of limitations should be applied to both claims."

*Abrams v. Carrier Corp.*, 434 F.2d 1234, 1252 (2d Cir. 1970), *cert. denied*, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971). *Accord Butler v. Local 823, International Brotherhood of Teamsters*, 514 F.2d 442, 447–48 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Grant v. Mulvihill Brothers Motor Service, Inc.*, 428 F.Supp. 45 (N.D.Ill.1976). *But see Sanderson v. Ford Motor Co.*, 483 F.2d 102, 114 (5th Cir. 1973); *De Arroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO*, 425 F.2d 281, 286–87 (1st Cir.), *cert. denied* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114

(1970). The situation presented in *Abrams, supra*, differed from the situation presented by the instant action in several respects: The *Abrams* case did not involve a previous arbitration award; the six-year breach of contract statute of limitations had been applied to the claim against the employer; the effect of holding the same statute of limitations to govern the claims against the employer and the union was to permit the maintenance of the claim against the union where that claim would otherwise have been barred, whereas the effect of such a holding in the *instant case is to bar litigation* of the claim against the union where litigation of the claim against the employer has already been barred, thus concluding the entire action. Nevertheless, much of the analysis found in *Abrams, supra*, and in the opinions adopting the *Abrams* position appears to apply with equal force to the instant situation.

The *Abrams* opinion and the opinion in other cases adopting the *Abrams* position stress the close inter-relationship between the unfair representation claim against the union and the § 301 claim against the employer. *Abrams, supra* at 1252; *Grant, supra* at 47. Both claims stem from the allegedly unauthorized discharge of an employee contrary to the terms of the collective bargaining agreement. As the District Court stated in *Grant, supra*, "analytically [the employee's] grievance is a single injury . . . exacerbated by the Union's mishandling." 428 F.Supp. at 47. This close inter-relationship between the claim against the union and that against the employer is equally evident in the present action.

Also figuring prominently in the *Abrams* position is the difficult problems of remedy which are raised in a § 301 suit against both union and employer. The Supreme Court has stated that "[t]he governing principle . . . is to apportion liability between the employer and the union according to the damage caused by the fault of each." *Vaca v. Sipes*, 386 U.S. 171, 197, 87 S.Ct. 903, 920,

---

the requirement of particularity set forth in Rule 7(b)(1), the Court concluded that the "his-

tory of this suit is such as to persuade us to dispose of the plaintiff's motion on its merits.")

17 L.Ed.2d 842 (1967). The opinion in *Abrams, supra,* and opinions of other courts which follow *Abrams,* emphasize the difficulty that a court would confront in attempting to adhere to the apportionment principle if, because of differing statutes of limitations, both union and employer were not actually before the court.

■ To permit a plaintiff such as Wallace to pursue an unfair representation claim against the union after dismissal of the claim against the employer on statute of limitations grounds would raise precisely the difficulty which so troubled the courts in *Abrams, supra,* and other cases adopting the *Abrams* position. Further, because "damages attributable solely to the employer's breach of contract should not be charged to the union," *Vaca v. Sipes, supra* at 197, 87 S.Ct. at 920, and because damages for loss of employment will in most instances be attributable to the employer's wrongful discharge and therefore will be recoverable only against the employer, *see Czosek v. O'Mara,* 397 U.S. 25, 29, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970) and *Vaca v. Sipes, supra,* 386 U.S. at 198, 87 S.Ct. 903, permitting a plaintiff such as Wallace to pursue an unfair representation claim against the union in the circumstances of this case would raise the real possibility of a negligible or non-existent recovery. *Cf. Cammarata v. Ice Cream Drivers and Employees Union, Local 757,* No. 76 C 1316 (E.D.N.Y. mem. dated Jan. 31, 1978) (Neaher, J.). (In § 301 action against employer and union, the Court directed entry of partial judgment in favor of employer so that plaintiffs could appeal dismissal of claims against employer for failure to state a claim. The Court noted that "[e]ven if plaintiffs succeed on their remaining claim against the union, their recovery may be negligible because it would be limited to those damages that flowed solely from the union's actions.") Alternatively, there might be a strong temptation on the part of a trier-of-fact who does not want to see an aggrieved employee go without any recovery to assess unwarranted liability against the union, the only party still in the case. These delicate problems of remedy lead this Court to agree

with the district court in *Grant, supra,* that "federal labor policy is best advanced by the application of a single statute of limitations for the claims presented in a § 301 suit." 428 F.Supp. at 47.

Several prior judicial decisions support this Court's present action in holding that plaintiff Wallace's claim against the union is time-barred. In *Lunceford v. Western Conference of Teamsters, supra,* and in *Elrod v. Western Conference of Teamsters, supra,* the courts held that unfair representation claims against the union were governed by the short state statute of limitations for actions seeking to vacate an arbitration award.

■ Even if plaintiff's claim against the union were not time-barred the Court would dismiss that claim on the present record as being insufficiently pleaded. "To state a claim for breach of the duty of fair representation . . . it must be alleged that the union acted in bad faith." *Simberlund v. Long Island Railroad,* 421 F.2d 1219 (2d Cir. 1970). The essence of the union's duty is a proscription against hostile discrimination towards any of the union's members. *Vaca v. Sipes, supra,* 386 U.S. at 177, 87 S.Ct. 903; *Cunningham v. Erie Railroad,* 266 F.2d 411, 417 (2d Cir. 1959). Further, the complaint must set forth facts supporting an allegation of bad faith or hostile discrimination. "[C]onclusory allegations without specifying supporting facts to show the union's lack of good faith fail to state a valid claim." *Lusk v. Eastern Products Corp.,* 427 F.2d 705, 708 (4th Cir. 1970). *See Hubicki v. ACF Industries, Inc.,* 484 F.2d 519, 526 (3rd Cir. 1973); *Balowski v. International Union, United Automobile, Aerospace and Agricultural Implement Workers,* 372 F.2d 829, 835 (6th Cir. 1967). Plaintiff's pleading of his claim against the union is deficient because the complaint sets forth no facts from which it might at least be inferred that, in arranging for a single attorney to represent Wallace and the other employees whose grievances were heard at the combined arbitration hearing, the union was in any way motivated by bad

faith or hostile discrimination against Wallace.

Accordingly, and for all the reasons indicated above, the motions to dismiss made by defendants AT&T and CWA are granted and the instant action is dismissed in its entirety. The Clerk is hereby directed to enter judgment.

SO ORDERED.