EMBRY, Justice
(dissenting in part and concurring in part):
I agree with the majority that this ease must be reversed and judgment entered in favor of defendants because Powell failed to prove appellant Union breached its duty of fair representation. I dissent from the majority’s holding that the cause of action is contractual and, therefore, from its application of the six-year statute of limitations, Code 1975, § 6-2-34.
The duty of fair representation is imposed by law. 29 U.S.C. §§ 158, 159 (1970); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). It is not contractually created and cannot be contracted away, de Arroyo v. Sindicato de Trabajadores Packing, AFL-CIO, 425 F.2d 281 (1st Cir. 1970). Consequently, a breach of this duty can only be considered tortious in nature. Canada v. United Parcel Service, Inc., 446 F.Supp. 1048 (N.D.Ill.1978).
Incredibly, the majority concedes the duty arises by operation of law, yet finds no compelling reason to classify the breach of that duty as tortious and apply the tort statute of limitations. I submit no compelling reason need be given.
The United States Court of Appeals for the Fifth Circuit has had no difficulty in making such a determination, specifically holding that fair representation actions are to be governed by Alabama’s one-year tort statute of limitations. Code 1975, § 6-2-39; Sanderson v. Ford Motor Co., 483 F.2d 102 (5th Cir. 1973); Craig v. Bemis Co., Inc., 374 F.Supp. 1251 (S.D.Ala.1974) aff’d on other grds, 517 F.2d 677 (5th Cir. 1975). No fed *995 eral appellate court has held this cause of action, in and of itself, is contractual in nature. The contract statute of limitations has been applied only in cases in which the action has been joined with a § 301, LMRA, action against the employer. Butler v. Teamsters Local, 823, 514 F.2d 442 (8th Cir.), cert. denied 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); Abrams v. Carrier Corp., 434 F.2d 1234 (2d Cir. 1970). In this case the employer is not made a party defendant to a § 301 action.
It seems the majority applies the contract statute of limitations for two reasons. First, if an aciion is brought against the employer for breach of the collective bargaining agreement, the contract statute of limitations applies and thus it would be incongruous to allow the shorter tort statute of limitations to apply to an action against the Union which caused the collective bargaining agreement to be created and is charged with the duty of enforcing it in behalf of members of the bargaining unit. Second, an employee in order to recover of his employer for breach of the collective bargaining agreement must prove his Union has breached its duty of fair representation. This being true, then why not apply the longer contract statute of limitations in the action against the Union for breach of its duty of fair representation. These arguments were considered and rejected in de Arroyo v. Sindicato de Trabaja-dores Packing, AFL-CIO, supra, and although they may be valid in some circumstances, they are not applicable to this case. They serve only to highlight the fact that the majority deems them so compelling that they are willing to call a zebra a giraffe.
JONES and SHORES, JJ., concur.