**GREAT SCOTT SUPERMARKETS, INC.,**
**Plaintiff,**

**v.**

**LOCAL UNION NO. 337, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, AND WAREHOUSEMEN OF NORTH AMERICA, and Jerome S. Coleman, Defendants.**

**Civ. A. No. 4-70265.**

United States District Court,
E. D. Michigan, S. D.

Sept. 14, 1973.

James C. Barkley, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiff.

Sheldon Greenblatt, Jerome S. Coleman, Southfield, Mich., for defendants.

## OPINION

FREEMAN, District Judge.

This is an application by plaintiff for confirmation and enforcement of an arbitrator's award. Defendants responded with a motion for summary judgment or dismissal and/or an application to vacate the award of the arbitrator.

Members of the defendant union engaged in a wildcat strike against the plaintiff supermarket on April 7, 1972. As a result of this strike, plaintiff discharged several employees. These employees filed grievances with the union. Pursuant to the collective bargaining agreement between the parties, a panel hearing was held to determine the merits of the particular grievances. Through such a hearing, the union determines whether or not to demand arbitration. In this case, the union decided not to demand arbitration but the supermarket did so demand.

Representatives of the supermarket were present at this hearing. One of the panel members was Jerome S. Coleman, one of the defendants in this action. Mr. Coleman is both the union's attorney and secretary of the union's grievance panel. Coleman prepared the panel hearing reports summarizing the facts and the panel's conclusions.

On June 29, 1973, the arbitrator issued a subpoena duces tecum to Mr. Coleman ordering him to furnish copies of the following documents:

1. All reports of Local 337 panel hearings held before the Local 337 panel of which you are secretary and which deal with the discharge grievances filed by the grievants involved in this arbitration, and by other grievants in relation to the wildcat strike of April 7, 8, 9, 10 and 11, 1972, which occurred at Great Scott and which mention any of the grievants involved in this arbitration.

2. Any statements (copies of which are retained by any one or more of the grievants) which were made by any one or more of the grievants to the National Labor Relations Board or any other state or federal agency and which relate in any way to the discharges to be litigated in this arbitration.

Mr. Coleman filed a motion to quash the subpoena. One of the grounds claimed by Coleman in his motion was that he had prepared the documents in his capacity as attorney for the union and that the reports thus constituted confidential communications. After a hearing, the arbitrator denied the motion as he found that Coleman had been acting in his capacity as secretary and not as attorney. The arbitrator ordered the production of the documents "without any comments or recommendations or any other addendum added thereto by Mr. Coleman or any other person other than the mere Reports of said meetings as would normally be prepared by any such Secretary." He also ordered production of copies of statements made by the grievants to the NLRB.

Defendants refused to comply with the subpoena and plaintiffs now request this court to confirm and enforce the arbitrator's award.

9 U.S.C.A. § 9 deals with confirmation of arbitrators' awards. It states in pertinent part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . .

The plaintiff also comes into court under 29 U.S.C.A. § 185 which says:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

9 U.S.C.A. § 10 sets forth the grounds on which an arbitrator's award may be vacated:

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Defendants contend that while the arbitrator has the power to issue a subpoena, in this case the arbitrator exceeded his authority by demanding the production of documents which fall into the category of the work product of an attorney. Fed.R.Civ.P. 26(a)(3). Thus, defendants assert that this court can and should vacate the arbitrator's award under § 10(d). Neither party argues that § 10 is not applicable to this case.

The defendants claim that the reports were prepared in anticipation of litigation and that "it is no mere coincidence that the attorney for the local is also the panel reporter." They say that these panel hearings are always conducted with an eye towards possible arbitration. As there was no showing of need as required by Rule 26(a)(3), they claim that the arbitrator exceeded his power.

While the arbitrator's award allows Coleman to delete his mental impressions, conclusions, opinions and theories, defendants claim that this would be an unduly burdensome procedure for them since all the reports would have to be redrafted.

Defendants say that since this court would not have been able to demand discovery of these documents, the arbitrator exceeded his authority in issuing the subpoena and his award does not merit enforcement.

■ It seems that defendants continue to assert that Coleman was acting in his capacity of attorney when he prepared the reports. The arbitrator has already found otherwise. This court will not, nor can it, quarrel with the factfinding of the arbitrator.

In addition, defendants raise the new argument of work product that does not

appear to have been raised before the arbitrator although the award did make some allowance for work product deletions.

■ An arbitrator derives his jurisdiction and authority through the contract of the parties. There is no statutory requirement of arbitration and the parties are free to determine the grievances which are arbitrable. In this case, the parties have agreed to submit all grievances to an arbitrator "who shall have the sole and exclusive power and jurisdiction to determine whether or not a particular grievance, dispute, or complaint is arbitrable under the terms of this agreement." Art. VIII § 2(B). The parties have provided that the decisions of the arbitrator are to be final and binding on both parties.

The defendants do not contest the jurisdiction of the arbitrator. The defendants also agree that the arbitrator had the power to issue a subpoena although they claim he exceeded his authority in this case. They rely on Fed. R.Civ.P. 26(a)(3).

■ The parties did not provide in their agreement that the Fed.R.Civ.P. would apply to the arbitration proceedings. Absent such a provision, the Fed. R.Civ.P. do not apply. The arbitrator did not derive his power to issue the subpoena from the Fed.R.Civ.P. and is not bound thereby. 9 U.S.C.A. § 7 provides that "the arbitrators selected . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case."

Fed.R.Civ.P. 81(a)(3) states

In proceedings under Title 9, USC, relating to arbitration, . . . these rules apply only to the extent that matters of procedure are not provided for in those statutes. These rules apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena

issued by an officer or agency of, the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings.

However, this section applies to proceedings in the courts. This rule does not answer the question of whether the Fed.R.Civ.P. apply to arbitration proceedings.

In Commercial Solvents Corporation v. Louisiana Liquid Fertilizer Company, 20 F.R.D. 359 (SDNY, 1957) one party was seeking to compel pre-trial discovery. The court found that the discovery rules of the Fed.R.Civ.P. did not apply to arbitration proceedings. The court said

By voluntarily becoming a party to a contract in which arbitration was the agreed mode for settling disputes thereunder respondent chose to avail itself of procedures peculiar to the arbitral process rather than those used in judicial determinations . . . Arbitration may well have advantages but where the converse results a party having chosen to arbitrate cannot then vacillate and successfully urge a preference for a unique combination of litigation and arbitration.

Foremost Yarn Mills, Inc. v. Rose Mills, Inc., 25 FRD 9 (ED Penn.1960) is in accord.

In Harvey Aluminum (Incorporated) v. United Steelworkers of America, AFL–CIO, 263 F.Supp. 488 (CD Cal. 1967), the court found that by strictly following the rules of evidence the arbitrator had denied the parties a fair hearing. The court stated in no uncertain terms that the rules of evidence do not apply to arbitration proceedings. Although this is a California case, the court did cite the rules of the American Arbitration Association. Although these rules are not necessarily binding on arbitrators, they do provide some guidance. According to Rule 28, conformity to legal rules of evidence is not necessary.

If the arbitrator was not bound by the Fed.R.Civ.P., surely a federal court is not barred from enforcing an arbitration award just because it would have been bound by the rules had there been litigation rather than arbitration. Such a rule would force the arbitrators to conduct trial type hearings to insure that their awards were enforceable. This is not what the parties have bargained for. The defendants' argument in this regard is without merit.

In accord with this court's determination that the arbitrator was not bound by the Fed.R.Civ.P. is John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S. Ct. 909, 11 L.Ed.2d 898 (1964). In this case, the Supreme Court found that procedural questions should be left to the arbitrator. The court was faced with a situation where certain proscribed procedures leading to arbitration were not followed and one party alleged that this excused arbitration. The court said: "Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."

■ The parties do not allege that § 10 does not control the issue here presented. However, it is also clear that United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) certainly controls the grounds on which an arbitrator's award in a labor relations matter may be vacated. The grounds are very limited. As long as an arbitrator's jurisdiction and authority are derived from the party's contract, and his award is reasonable, the court will not substitute its judgment for the arbitrator's judgment.

■ In this case, the arbitrator has not exceeded his powers under the contract. When § 10(d) of the Arbitration Act speaks of the arbitrator exceeding his powers, it is speaking of the powers under the contract. It is not speaking of the powers under the Fed.R.Civ.P. as the defendants seem to think. The arbitrator is not bound by the Fed.R.Civ.P. of the rules of evidence.

Arbitration is designed to be an informal proceeding. The arbitrator's award is reasonable. He found that Coleman was not acting in his capacity as attorney while preparing the panel reports. But recognizing Coleman's dual role, he has provided for deletions from the documents to be furnished.

It is also worthy of note that the documents in issue in this case were prepared in accordance with the procedures agreed upon by the parties in their contract.

The plaintiff's application for confirmation and enforcement of the arbitrator's award is granted and the defendants are ordered to comply with the arbitrator's subpoena.