**Vincent A. REFINO, Sr., Plaintiff,**

v.

**FEUER TRANSPORTATION, INC., and Local 445, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

No. 78 Civ. 1447.

United States District Court,
S. D. New York.

Oct. 26, 1979.

Conrad P. Sheehan, New York City, for plaintiff.

Arthur Liberstein, New York City, for defendant Feuer Transportation.

Leaf, Deull & Drogin, P. C., New York City (David Kramer, New York City, of counsel), for defendant Local 445.

ROBERT J. WARD, District Judge.

Plaintiff Refino brought this action against his former employer, Feuer Transportation ("Feuer"), and his union, Local 445 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Local 445"). He alleged that in breach of the parties' collective bargaining agreement defendants wrongfully terminated his employment at Feuer and that Local 445 did not fulfill the duty of fair representation it owed him as his collective bargaining representative. Refino claims that the union wrongfully refused to assist him in his attempt to secure reemployment and reinstated seniority at Feuer. Jurisdiction is based on 29 U.S.C. § 185.

After appearing before the Court at a pre-trial conference on July 14, 1978, the parties agreed to submit their disputes to an arbitrator for resolution. The matter was submitted to arbitration under the aegis of the American Arbitration Association. An award issued on June 16, 1979.

Refino now moves to have the award confirmed under 9 U.S.C. § 9. Plaintiff asks, in addition, that the Court assess compensatory and punitive damages against defendants and award to plaintiff attorney's fees to cover his litigation costs in this action. Both defendants oppose plaintiff's motion, and Local 445 cross-moves for an order vacating the award under 9 U.S.C. § 10(d). For the reasons set forth below, plaintiff's motion is granted in part and Local 445's cross-motion is denied. The question of what further compensatory relief, if any, plaintiff may be entitled to is remanded to the arbitrator.

The parties agreed to submit the following two issues to arbitration:

(1) Did Feuer and Local 445, jointly or severally, improperly deny Refino reemployment with Feuer as of October 31, 1977? If so, what shall be the remedy, if any?

(2) Did Local 445 breach its duty of fair representation in connection with Refino's efforts to be reinstated to his position with Feuer? If so, what shall be the remedy, if any?[1]

The arbitrator resolved both of these issues in plaintiff's favor and ruled that Refino's seniority at Feuer be deemed unbroken and cumulative from the date plaintiff first was hired in June 1954. The arbitrator severed from his award Refino's claims for punitive damages and counsel fees and referred these claims to the Court for resolution.[2] The award did not address Refino's request for additional compensatory relief in the form of (1) back pay, (2) the cash equivalent of contributions Feuer would have made on Refino's behalf to its employees' Welfare Fund during the period in which Refino was wrongfully denied reemployment, and (3) contributions on plaintiff's behalf to the employee Pension Fund for that same period.

Maintaining that the arbitration award should be vacated, Local 445 argues that the award is arbitrary, capricious, unsupported by fact, and incomprehensible. Local 445 further contends that the arbitrator exceeded his authority by overturning an earlier award of the Joint Local Committee ("JLC"), an arbitration panel established to resolve disputes arising out of the National Master Freight Agreement, the parties' collective bargaining agreement. In addition, the union argues that the award is not final and definite because it does not resolve the issue of what further compensatory remedy, if any, Refino is due. At the same time—presumably in the alternative—Local 445 contends that the arbitrator did resolve this issue and found plaintiff entitled to no additional compensatory relief beyond restoration of unbroken, cumulative seniority. Conversely, Refino maintains that the arbitrator decided plaintiff was to receive the additional compensatory relief he sought and merely left to the Court the task of computing the amount of these additional damages. Defendants oppose plaintiff's request for punitive damages and attorney's fees.

The arbitration award is ambiguous on the question of what further relief plaintiff is entitled to receive. The arbitrator gave no indication that he intended either to award or to deny Refino the additional compensation plaintiff sought. The matter therefore must be remanded to the arbitrator for resolution of this issue. The Court cannot enforce any part of an award that is so ambiguous it lends itself to no definite interpretation. *Bell Aerospace Co. v. Local 516, UAW*, 500 F.2d 921, 923 (2d Cir. 1974).

The Court, however, will confirm the remainder of the arbitration award and enforce the arbitrator's finding that defendants breached the collective bargaining agreement in refusing to reemploy plaintiff as well as the arbitrator's determination that Local 445 failed to fulfill its duty of fair representation. Local 445's contention that the entire award should be vacated because it is arbitrary, capricious, unsupported by fact and incomprehensible is without merit. An award can be vacated only under one of the grounds specified in section 10 of the Arbitration Act, 9 U.S.C. § 10. *Office of Supply, Government of Republic of Korea v. New York Navigation Co.*, 469 F.2d 377, 379 (2d Cir. 1972). These grounds do not include mistakes of fact, errors of law, inadequate reasoning or even arbitrary determinations.[3]

---

1. Arbitration Award, p. 3 (June 16, 1979). The award is attached as exhibit A to the affidavit of David Kramer submitted in opposition to plaintiff's motion for confirmation of the arbitrator's award.

2. Arbitration Award, p. 18.

3. "[T]he law is clear that an arbitration award based upon a misinterpretation of law or an insufficiency of supporting facts will not be overturned." *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, S.A.*, 312 F.2d 299, 300 (2d Cir. 1963). Moreover, ambiguity in reasoning in an arbitrator's

Local 445 argues that the arbitrator exceeded his authority by overruling an earlier JLC arbitration decision. In that May 12, 1976 decision [4] the JLC found that Feuer had wrongfully refused to reinstate plaintiff as a Feuer employee on the company's seniority list when Refino requested reinstatement in January 1976. Plaintiff entered the employment of Feuer in 1954. He left the company and was employed by the union from March 1966 through the end of 1975. The JLC determined that under the collective bargaining agreement the company was required to reemploy plaintiff when his employment with the union terminated.[5] This much of the JLC decision is not now the subject of dispute, as it was not affected by the arbitrator's ruling here.

What the union disputes is the further determination of the JLC that Refino was to provide Feuer with a medical certificate within thirty days of its decision and submit to a physical examination within seven days thereafter.[6] Plaintiff neither submitted this certificate nor underwent the physical. In fact, Refino did not contact Feuer until more than a year after the JLC decision and did not submit the medical certificate until approximately sixteen months after it was due. However, finding plaintiff was not bound by the conditions imposed by the JLC ruling, the arbitrator concluded that Feuer was not authorized under the collective bargaining agreement to deny Refino reemployment when plaintiff first was physically able to work in October 1977.[7] Local 445 contends that the arbitrator was

---

opinion, as opposed to ambiguity in the award itself, provides no basis for refusing to enforce an award. "Arbitrators have no obligation to the court to give their reasons for an award." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Local 445 has not cited, nor has the Court found, a Second Circuit decision authorizing vacatur of an arbitration award on the grounds that the arbitrator's determination was arbitrary and capricious. However, the Third Circuit held in *Swift Industries, Inc. v. Botany Industries, Inc.*, 466 F.2d 1125, 1131 (3d Cir. 1972), that an arbitrator's "award may not stand if it does not meet the test of fundamental rationality." And the New York Court of Appeals—to which the courts in this circuit may turn for helpful teachings in arbitration matters, see *El Hoss Eng'r & Transp. Co. v. American Independent Oil Co.*, 289 F.2d 346, 350 (2d Cir.), *cert. denied*, 368 U.S. 837, 82 S.Ct. 51, 7 L.Ed.2d 38 (1961)—has held that an award may be set aside when an arbitrator behaves so capriciously as to exceed his power, see N.Y. CPLR § 7511(b)(1)(iii) *and compare* 9 U.S.C. § 10(d), but only when the determination is "completely irrational." *Rochester City School District v. Rochester Teachers Ass'n*, 41 N.Y.2d 578, 582, 394 N.Y.S.2d 179, 182 (1977). Arguably, then, this Court could apply an "irrationality" test and vacate this arbitration award under 9 U.S.C. § 10(d). But even if the Court were to employ such a test the arbitrator's determination here would not fall. The arbitrator could rationally find that the union acted in bad faith by inadequately assisting Refino in presenting his grievance against Feuer. *See* Arbitration Award, pp. 15–17. And it was not a completely irrational construction of the collective bargaining agreement for the arbitrator

to conclude that the agreement did not give the JLC authority to set the conditions it did on Refino's reemployment. *See* text and notes at nn. 5–7 *infra* and Arbitration Award, pp. 11–12.

4. The May 12, 1976, JLC decision is attached as exhibit A to plaintiff's complaint.

5. The pertinent part of the collective bargaining agreement, cited by the JLC, provides:

Any employee who is designated by the Union to work on a full time basis shall be granted a leave of absence with no loss of seniority for the duration of his full time employment provided he reports back to the Company for employment within ninety (90) days after his employment with the Union is terminated.

6. The JLC decision states:

The Joint Local Committee further advises that Mr. Refino must submit a certificate from his doctor to the Company that he is able to return to work within thirty (30) days of the date of this decision and must thereafter within seven (7) days submit to a physical examination as required by law for all drivers engaged in driving in Interstate Commerce.

7. Apparently plaintiff was recuperating from injuries suffered in an automobile accident and was unable to report for work within the time period required by the JLC decision. The arbitrator made reference in his award to articles 43 and 44 of the collective bargaining agreement. These provisions preserve the seniority rights of an employee unable to work because of sickness or injury. Arbitration Award, p. 9.

without authority to issue an award in conflict with the JLC decision. The Court cannot agree.

The pleadings here expressly put the validity of the JLC decision in issue, and the argument that this decision erected a *res judicata* bar to plaintiff's claim was fully considered by the arbitrator. Indeed, there appears to this Court to be no way the arbitrator could have addressed the matter submitted to him—i. e., the propriety of defendants' denying plaintiff reemployment—without considering what effect the JLC determination was to have. But even if the arbitrator erroneously applied the doctrine of *res judicata* to the JLC decision, there would still be no basis for vacating the award. "It is a truism that an arbitration award will not be vacated for a mistaken interpretation of law." *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972).[8]

Although in most instances an arbitration award will be confirmed only if it can stand in its entirely, an award may be confirmed in part when the valid portion of the award is "separable" from, and not dependent upon, the remainder of the award. *Puerto Rico Maritime Shipping Authority v. Star Lines Ltd.*, 454 F.Supp. 368, 372 (S.D.N.Y.1978). *See also Moyer v. Van-Dye-Way Corp.*, 126 F.2d 339, 341 (3d Cir. 1942) (applying New York law). The arbitrator decided the issues of liability submitted to him in connection with Feuer's refusal to restore plaintiff's employment status with the company and Local 445's duty of fair representation and determined that plaintiff was entitled to restored seniority. The issues of liability properly could be decided independently of Refino's additional claims for compensatory relief,

punitive damages and attorney's fees. Indeed, these claims could only be addressed after the consideration of liability. Thus, the unresolved claims are analytically separable from the issues decided by the arbitrator.

The parties agreed to have the two issues of liability decided by the arbitrator and agreed that the arbitrator was to fashion an appropriate remedy if he found plaintiff entitled to relief. This duty to fashion relief clearly required the arbitrator to determine fully the compensatory relief Refino is due. While the Court will confirm that part of the award determining defendants' liability to plaintiff and requiring restored seniority, it must, accordingly, remand to the arbitrator the question whether further compensatory relief is warranted.

Plaintiff's requests for punitive damages and counsel fees need not be remanded. It is unclear whether the parties intended that these requests be submitted to arbitration. Although the parties stipulated that the arbitrator was to determine the appropriate "remedy" for each issue submitted, this stipulation could reasonably be construed as not extending to the consideration of such extraordinary relief as punitive damages and counsel fees. The arbitrator determined that these requests should be decided by the Court, and none of the parties here has objected to this determination. Having retained jurisdiction throughout, the Court therefore can rule on the question of plaintiff's entitlement to the further extraordinary relief he seeks.[9]

The Court finds that neither punitive damages nor an award of attorney's fees is warranted in this case. The Supreme Court recently ruled that an employ-

---

8. Moreover, as the arbitrator noted, the finality of an arbitration decision need not be upheld where (as the arbitrator found here) the union has breached its duty of fair representation. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

9. Arbitration is a matter of contract, and parties cannot be required to submit to arbitration any dispute they have not agreed to submit. *Rochdale Village, Inc. v. Public Service Em-*

*ployees Union, Local No. 80, I.B.T.*, 605 F.2d 1290, 1294 (2d Cir. 1979). The Court, not the arbitrator, is to decide whether a particular issue is to be submitted to arbitration. *Id.* at 1294–1295. Thus, in an instance such as this, where the parties do not dispute that their agreement to arbitrate should not extend to certain issues, the court must itself decide these issues.

ee cannot recover punitive damages against a union for the union's breach of its duty of fair representation. *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979).[10] For Refino to recover punitive damages against Feuer for breach of the collective bargaining agreement plaintiff would have to demonstrate "a willful abuse of a duty imposed as a result of [Feuer's] position of authority or trust, as well as a breach of contract." *Holodnak v. Avco Corp.*, 514 F.2d 285, 292 (2d Cir.), *cert. denied*, 423 U.S. 892, 96 S.Ct. 188, 46 L.Ed.2d 123 (1975). Nothing appears in the arbitrator's findings that would indicate Feuer willfully abused its contractual duty, nor does plaintiff allege such a willful abuse by Feuer.[11]

■ In general, a federal court may not award counsel fees in the absence of a statute authorizing such an award. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Although exceptions to this rule have been recognized, *see id.* at 258–259, 95 S.Ct. at 1622, none of these exceptions is applicable here. Plaintiff's suit has not benefited a class of which he is a member but was brought solely to resolve his personal employment dispute with defendants. *Cf. Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973) (attorney's fees properly awarded in action under Labor-Manage-

ment Reporting and Disclosure Act § 102 to vindicate statutory right of free speech since action benefited union and union members as well as individual). Nor do the facts as recounted by the arbitrator demonstrate that defendant Feuer "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). Feuer could reasonably have determined, as it appears the company did, that as a result of Refino's failure to comply with the JLC decision he was entitled to no seniority. There is nothing to indicate the employer's action here was in bad faith.[12]

■ As for the union, an award of attorney's fees against Local 445 would contravene the policy articulated by the Supreme Court in *International Brotherhood of Electrical Workers v. Foust, supra.* There is some authority for awarding attorney's fees against a union for an aggravated breach of its duty of fair representation, *see Richardson v. Communications Workers of America*, 530 F.2d 126, 132 (8th Cir.), *cert. denied*, 429 U.S. 824, 97 S.Ct. 77, 50 L.Ed.2d 86 (1976), but this authority pre-dates the decision in *Foust.* Refino does not claim bad faith or vexatious conduct by the union during the course of this litigation. Rather, any acts of bad faith by Local 445 on which plaintiff could base a claim for counsel fees occurred prior to this

**10.** Though *Foust* was decided under the Railway Labor Act, the Court unquestionably intended the *Foust* rule to extend to like actions brought under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, as well. 99 S.Ct. at 2125 n. 8.

**11.** Moreover, the arbitrator's findings of Refino's own failure to take expeditious action to attempt to resolve his dispute, either directly with Feuer or through grievance procedures, or to seek other employment further undercuts his position with respect to a claim for punitive damages. The arbitrator found

that Refino did not contact Feuer for more than a year after the May 12, 1976 decision; that he never furnished the Union proof of his injury in the auto accident; that he never initiated a grievance concerning Feuer's alleged contract violation in denying him seniority and reemployment on October 31,

1977; that he made no attempt to find work with any other employer; and that he spent much of his time "politicking" and running for Union office between October 31, 1977 and December 31, 1978 when he accepted full-time employment with the Union from Raymond Ebert who had just defeated him for the position of Secretary-Treasurer and principal officer of the Union.
Arbitration Award, p. 18.

**12.** *See* Arbitration Award, p. 4. *Cf. Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962) (shipowner's refusal either to admit or to deny—or even to investigate—validity of seaman's claim resulting from disease contracted while in ship's service forced seaman to institute litigation; callousness and recalcitrance of shipowner warranted award of attorney's fees).

action and were the same acts that gave rise to plaintiff's cause of action against the union in the first place.[13] To award attorney's fees here essentially would be to award exemplary damages against the union for breaching its duty of fair representation. The Court in *Foust*, however, ruled that such damages cannot be assessed. Thus, an award of attorney's fees in this instance is not permitted.[14] *See Straub v. Vaisman & Co.*, 540 F.2d 591, 598–599 (3d Cir. 1976).

Accordingly, plaintiff's request for attorney's fees and punitive damages is denied. Plaintiff's motion to confirm the arbitration award is granted with respect to the award to Refino of unbroken, cumulative seniority. The question of what further relief, if any, is to be awarded to plaintiff is remanded to the arbitrator. The arbitrator is directed to submit his response to this question within thirty days of the date this Court enters its order in connection with these motions. Local 445's cross-motion is in all respects denied.

Settle order on notice.

---

**13.** To state a claim against a union for breach of duty of fair representation an employee must, in the Second Circuit at least, allege that the union acted in bad faith. *Simberlund v. Long Is. R. Co.*, 421 F.2d 1219, 1224 n. 8 (2d Cir. 1970). *See also Abrams v. Carrier Corp.*, 434 F.2d 1234, 1251 (2d Cir. 1970), *cert. denied*, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971), and *Williams v. American Tel. & Tel. Co.*, 460 F.Supp. 755, 760 (E.D.N.Y.1978).

**14.** The Supreme Court's citation in *Foust*, 99 S.Ct. at 2127, of *Hall v. Cole, supra*, 412 U.S. at 9 n. 13, 93 S.Ct. at 1948 n.13, could be taken as a suggestion that the Court would find counsel fees distinguishable from punitive damages and allow a prevailing union member to recover such fees in an action for breach of the duty of fair representation. If the Supreme Court were to do so, however, it is likely to require the union's conduct to have been "outrageous" and its breach "egregious" before approving such an award. *See International Brotherhood of Electrical Workers v. Foust, supra*, 99 S.Ct. at 2132 (Blackmun, J., concurring). This Court sees neither an egregious breach nor outrageous conduct by Local 445 here.