**ORIENTAL COMMERCIAL AND SHIPPING CO., LTD. and Oriental Commercial and Shipping Co. (U.K.) Ltd., Plaintiffs-Respondents,**

v.

**ROSSEEL, N.V., Defendant-Petitioner.**

**No. 84 Civ. 7173 (PKL).**

United States District Court,
S.D. New York.

March 4, 1985.

Baker & McKenzie, New York City, for petitioner Rosseel, N.V., Nancy Nelson, New York City, of counsel.

McLaughlin & Stern, Ballen and Ballen, New York City, for respondents Oriental Commercial and Shipping Co., Ltd. and Oriental Commercial and Shipping Co. (U.K.) Ltd., S. David Harrison, New York City, of counsel.

## ORDER

LEISURE, District Judge:

Defendant moves pursuant to Article II(3) of the Convention on the Recognition of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201 *et seq.* and 9 U.S.C. § 206 to compel arbitration, and pursuant to 9 U.S.C. §§ 206 and 208 for the appointment of an arbitrator.

Rosseel N.V. ("Rosseel"), a Belgian corporation, entered into a contract to purchase specified oil from Oriental Commercial and Shipping Co. (U.K.) Ltd. ("Oriental U.K."). The oil was apparently never delivered and Rosseel alleges damages as a result. Oriental Commercial and Shipping Co., Ltd. ("Oriental S.A.") is a Saudi Arabian company with headquarters in Jeddah, Saudi Arabia, and representative offices located throughout the world. The Bokhari family owns both Oriental S.A. and Oriental U.K. but neither corporation owns shares of the other. Oriental S.A. was not a signatory to the contract of sale between Oriental U.K. and Rosseel.

Rosseel served its Notice of Intention to Arbitrate upon Oriental U.K. and Oriental S.A. demanding arbitration under the contract. Oriental S.A. responded with a petition to stay arbitration in the Supreme Court of the State of New York. Rosseel removed the proceeding to this Court.

The arbitration provision in the contract is the only contract term here in dispute. Oriental U.K.'s telex to Rosseel stated the terms of the agreement which included the following provision: "Arbitration: If required in New York City." Oriental U.K. and Oriental S.A. claim that the wording of the phrase is insufficient to create an enforceable arbitration provision and challenge the scope of the provision. Additionally, Oriental S.A. claims the arbitration clause is enforceable, if at all, between Oriental U.K. and Rosseel only. This Court has jurisdiction under the Convention, implemented in 9 U.S.C. §§ 201 *et seq.*

*Validity of the Arbitration Clause*

 According to the Convention, the threshold question is whether the alleged arbitration agreement is valid.* Federal law governs the interpretation, validity and enforcement of an arbitration clause in contracts falling under the United States Arbitration Act, 9 U.S.C. §§ 1–14, 201–208 (1982). *S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc.,* 576 F.Supp. 566, 569 (S.D.N.Y.1983), *aff'd,* 745 F.2d 190 (2d Cir.1984) (citing *Prima Paint Corp. v. Flood & Conklin Mfg.,* 388 U.S. 395, 403–405, 87 S.Ct. 1801, 1805–1806, 18 L.Ed.2d 1270 (1967)). Arbitration clauses must be interpreted broadly, and all doubts as to whether a dispute is encompassed by a particular clause must be resolved in favor of arbitration, even where the problem is the construction of the contract language itself. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 23–26, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983).

---

\* Article II(3) of the Convention provides:

The Court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, *unless it finds that the agreement is null and void, inoperative or incapable of being performed.* (Emphasis added).

The parties to a contract can agree to settle disputes arising thereunder by arbitration. Federal law, which governs whether the parties have agreed to arbitrate, *see Moses H. Cone Memorial Hospital,* 460 U.S. at 23–26, 103 S.Ct. at 941–942, requires the Court to apply general contract principles and the federal policy favoring arbitration in contracts governed by the United States Arbitration Act. *See Hart Ski Mfg. Co. v. Maschinenfabrik Hennecke, GmbH,* 711 F.2d 845, 846 (8th Cir.1983); *Atlanta Shipping Corp. v. Cheswick-Flanders & Co.,* 463 F.Supp. 614, 617 (S.D.N.Y.1978). Under the Convention, an agreement to arbitrate is "null · and void" only when it is subject to internationally recognized defenses such as duress, mistake, fraud or waiver, or when it contravenes fundamental policies of the forum nation. *Rhone Mediterranee Compagnia v. Lauro,* 712 F.2d 50, 53 (3d Cir.1983). The "null and void" language of the Convention must be read narrowly, for the signatory nations have declared a general policy of enforceability of agreements to arbitrate. *Id.*

Oriental U.K.'s telex contained the terms of the contract, including. a provision for arbitration in New York City. In doing so, Oriental U.K. evidenced its intention to arbitrate disputes arising under that contract. In light of the strong federal policy favoring arbitration, and the duty of the courts to implement the intent of the parties at the time of contracting, this Court holds that the arbitration clause in the contract is valid.

### The Scope of the Arbitration Clause

Arbitration is a matter of contract, and parties cannot be required to submit to arbitration any dispute which they have not agreed to submit. *Refino v. Feuer Transportation, Inc.,* 480 F.Supp. 562, 567 n. 9 (S.D.N.Y.1979), *aff'd,* 633 F.2d 205 (2d Cir.1980). Here, the arbitration clause is broad, limited only by the terms of the contract and Oriental U.K.'s choice of location for the arbitration proceedings—New York City. Doubts as to whether a dispute is governed by an arbitration clause should be resolved in favor of coverage unless it may be said with positive assurance that the clause is not susceptible of an interpretation that covers the asserted dispute. *McAllister Bros. v. A & S Transportation Co.,* 621 F.2d 519, 522 (2d Cir.1980). Certainly disputes concerning such fundamental aspects of the contract as alleged non-performance by a party and the resulting damages are within the scope of this arbitration clause.

### The Parties to the Arbitration Proceeding

It is within the province of this Court to determine whether Oriental S.A., although not formally a party to the arbitration agreement, should be made a party to the arbitration proceeding in addition to Rosseel and Oriental U.K. *See Orion Shipping and Trading Co. v. Eastern States Petroleum Corp.,* 312 F.2d 299 (2d Cir.1963). Ordinary contract and agency principles determine which parties are bound by an arbitration agreement, and parties can become contractually bound absent their signatures. *McAllister Bros.,* 621 F.2d at 524; *Fisser v. International Bank,* 282 F.2d 231, 233 (2d Cir.1960).

Rosseel suggests two theories to support its contention that Oriental S.A. should be made a party to the arbitration proceeding. The first is that Oriental U.K. is merely the alter ego of Oriental S.A. The second alleges that Oriental U.K. acted as Oriental S.A.'s agent in contracting with Rosseel. Rosseel claims that either theory allows this Court to pierce the corporate veil and bind Oriental S.A. to the arbitration agreement.

To apply the alter ego doctrine to justify the disregard of a corporate entity, the court must determine that there is such unity of interest and ownership that separate personalities of the corporations no longer exist, and that failure to disregard the corporate form would result in fraud or injustice. *Flynt Distributing Co. v. Harvey,* 734 F.2d 1389, 1393 (9th Cir. 1984); *accord FMC Finance Corp. v. Murphree,* 632 F.2d 413, 422 (5th Cir.1980);

·*Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir.1980). However, a stringent showing is required before a court will pierce the corporate veil. *Hidrocarburos y Derivados C.A. v. Lemos*, 453 F.Supp. 160, 172 (S.D.N.Y.1977). The courts do not lightly disregard the separate existence of related corporations, even in deference to a strong policy favoring arbitration of private commercial disputes. *Coastal States Trading, Inc. v. Zenith Navigation S.A.*, 446 F.Supp. 330, 337 (S.D.N.Y.1977).

 There are insufficient facts before the Court to determine whether Oriental S.A. should be made a party to the arbitration proceeding. Consequently, by June 1, 1985 the parties shall complete discovery on the issue of whether Oriental S.A. is a party to the arbitration agreement with regard to this transaction. At that time the Court shall conduct an evidentiary hearing on this issue.

The Court notes that an alternative procedure suggested in *McAllister Bros.*, 621 F.2d at 524, may be useful to expedite resolution of this matter. With the assistance of this Court, if required, the parties may stipulate that a final determination of whether Oriental S.A. is bound by the arbitration agreement would be stayed pending arbitration of Rosseel's claims against both companies. Oriental S.A. would fully participate in the arbitration proceedings. If Rosseel prevails in its claim, and Oriental U.K. alone is unable or unwilling to satisfy the arbitration award, this Court, upon Rosseel's motion, will order discovery to proceed in the manner set forth above. An evidentiary hearing would then be held to determine whether Oriental S.A. was a party to the arbitration agreement and thus bound by the arbitration award.

If the parties agree to this latter procedure, the matter will be referred to the American Arbitration Association. Otherwise, Rosseel's motion for appointment of an arbitrator is stayed pending this Court's determination of the identity of the parties to the arbitration proceeding, and discovery shall proceed as set forth above.

*SO ORDERED*