**In the Matter of the Consolidated Arbitration between**

**REYES COMPANIA NAVIERA S.A., as Owner of the M.V. PAEAN, Petitioner,**

**and**

**MANUMANTE S.A., as Time-Chartered Owners of the M.V. Paean, Respondent,**

**and between**

**Czarnikow-Rionda Co., Inc., as Voyage Charterers of the M.V. Paean, Respondent.**

**No. 86 CIV. 5573 (PKL).**

United States District Court, S.D. New York.

Dec. 15, 1986.

790

Healy & Baillie, New York City, Jack A. Greenbaum, of counsel, for petitioner.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, Donald B. Allen, of counsel, for Manumante S.A.

McHugh & O'Conor, New York City, Stephen J. Buckley, of counsel, for Czarnikow-Rionda Co., Inc.

LEISURE, District Judge:

Petitioner ("Reyes"), owner of the M.V. Paean, seeks an order vacating in part an arbitration award pursuant to 9 U.S.C. § 10(d) or, alternatively, modifying the award pursuant to 9 U.S.C. §§ 11(b) or 11(c).

Reyes had a charterparty with Manumante S.A. ("Manumante"), who in turn sub-chartered the vessel to Czarnikow-Rionda Co., Inc. ("Czarnikow"). The arbitration which is the subject of this petition was a court-ordered consolidation of arbitrations between Czarnikow and Manumante on the one hand, and Manumante and Reyes on the other hand.

Czarnikow sustained a loss because the ship failed to carry a full cargo of sugar. Manumante had agreed to lift the full amount, but the ship would only accept a lesser quantity. The primary issue was whether Manumante had offered to do more than the ship's capability, or whether the vessel owner had misrepresented how much it could carry. See Affidavit of Donald B. Allen, Esq., counsel for Manumante ("Allen Aff."), sworn to on July 24, 1986, at 2.

Petitioner does not challenge the findings of the arbitrators (the "panel") as to the substantive merits of the award. Petitioner disputes only the authority of the panel to direct Reyes to pay an award directly to Czarnikow. See Petitioner's Memorandum of Law at 2.

The three parties to the consolidated arbitration entered into the following written agreement, dated October 1982, which they submitted to the panel with a letter of transmittal dated March 8, 1983:

IT IS HEREBY STIPULATED by and between the parties hereto:

1. Czarnikow-Rionda Co., Inc. sustained a loss of $27,500., because of the failure to lift a full cargo as alleged herein.

2. Czarnikow should be awarded a total recovery of $27,500, said amount to be apportioned by arbitrators in their final award against either the vessel owner, or the time charterer, or both.

3. The cost of arbitration to date shall be borne equally between the three parties hereto.

According to the attorney for Manumante, the impetus for this agreement was the

desire of both defense counsel, in view of their recognition that Czarnikow would probably recover, to preserve an attractive settlement offer. Allen Aff., at 2–3.

During the course of the arbitration, Manumante ceased to do business and is now reported to be insolvent. *Id.* at 2.

In rendering their decision dated April 21, 1986, the arbitrators referred to the submission agreement, which had been made part of the record before the panel. With respect to Czarnikow's claim for failure to lift a full cargo, the panel concluded as follows:

> The panel is unanimous in its decision that Owners are liable for Charterers' loss of $27,500, and, under the stipulation referred to above, they must pay this amount directly to Charterers.

In a letter to the panel dated April 29, 1986, counsel for Reyes, asserting the same grounds on which he now relies, requested the arbitrators to issue a corrected award. Refusing this application, they explained: "The panel, in making its decision (award dated April 21, 1986), relied upon the November 30[sic], 1982 Stipulation which, in our opinion, permitted the arbitrators to by-pass the normal progression; i.e., Owners to time charterers to voyage charterers."

### Discussion

Petitioner argues that the panel exceeded its powers, within the meaning of 9 U.S.C. § 10(d), and issued an award in imperfect form, within the meaning of § 11(c), to the extent that it issued an award directly between petitioner and Czarnikow. Petitioner's Memorandum of Law at 5. Petitioner's contention that the panel lacked the necessary power, while premised on a correct statement of the law, is inapplicable to the facts of this case. *See Kurt Orban Co. v. Angeles Metal Systems*, 573 F.2d 739, 741 (2d Cir.1978).

"Arbitration is a matter of contract, and parties cannot be required to submit to arbitration any dispute which they have not agreed to submit." *Oriental Commercial and Shipping Co. v. Rosseel*, 609 F.Supp. 75, 78 (S.D.N.Y.1985) (citing *Refino v. Feuer Transportation, Inc.*, 480 F.Supp. 562, 567 n. 9 (S.D.N.Y.1979), *aff'd*, 633 F.2d 205 (2d Cir.1980)). It is for the Court to decide *which parties* are bound by an arbitration agreement,[1] and ordinary contract principles govern this determination. *Rosseel*, 609 F.Supp. at 78 (citing *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp.*, 312 F.2d 299, 300–01 (2d Cir.), *cert. denied*, 373 U.S. 949, 83 S.Ct. 1679, 10 L.Ed.2d 705 (1963); *McAllister Bros. v. A & S Transportation*, 621 F.2d 519, 524 (2d Cir.1980)[2]; *Fisser v. International Bank*, 282 F.2d 231, 233 (2d Cir. 1960). "When § 10(d) of the Arbitration Act speaks of the arbitrator exceeding his powers, it is speaking of the powers under the contract." *Great Scott Supermarkets v. Local Union No. 337, Int'l Brotherhood of Teamsters*, 363 F.Supp. 1351, 1355 (E.D. Mich.1973). "An agreement to arbitrate vests the arbitrators with powers as broad as the agreement explicitly or implicitly provides." *Boston and Maine Corp. v. Illinois Central Railroad*, 274 F.Supp. 257, 260 (S.D.N.Y.1967), *aff'd*, 396 F.2d 425 (2d Cir.1968). *Accord Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 704 (2d Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986). *See also American Renaissance Lines, Inc. v. Saxis Steamship Co.*, 502 F.2d 674, 677 (2d Cir.1974) ("Arbitrators do not have the power to bind a corporation which is not a

---

1. *Cf. Davis v. Chevy Chase Financial Ltd.*, 667 F.2d 160, 166–67 (D.C.Cir.1981) (The question of the *scope* of an arbitration clause is one of law, and a reviewing court is obligated to make its own determination of the issue.); *accord AT & T Technologies, Inc. v. Communications Workers of America*, —— U.S. ——, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986).

2. In *McAllister Bros.*, respondents contended they were not parties to the arbitration contract when petitioner sought, unlike the instant case, to compel arbitration. 621 F.2d at 523. The Court of Appeals held that pursuant to 9 U.S.C. § 4, an evidentiary hearing was required. *Id.* at 524. The dispute herein, however, arises under 9 U.S.C. §§ 10 and 11, and none of the parties has requested such a hearing.

party to the arbitration contract or a voluntary participant in the arbitration proceeding.").

■ Even if an original arbitration clause is not broad enough to cover a particular claim, the parties may "evinc[e] a subsequent agreement for private settlement which would cure any defect in the arbitration clause." *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 656 (9th Cir.1964), *cert. denied*, 380 U.S. 988, 82 S.Ct. 1362, 14 L.Ed.2d 280 (1965) (quoting *Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp.*, 274 F.2d 805, 809 (2d Cir.), *cert. denied*, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960)). As stated by Chief Judge Cardozo in *Finsilver, Still & Moss, Inc. v. Goldberg, Maas & Co.*, 253 N.Y. 382, 171 N.E. 579 (1930), "[w]e assume that circumstances may exist in which a party to an arbitration, joining in its proceedings without protest or disclaimer, may be found to have joined by implication in the appointment of the arbitrators, and to have confirmed their jurisdiction, if otherwise defective." *Id.* at 391, 171 N.E. 579, *quoted in Chilean Nitrate*, 274 F.2d at 809. *Accord Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228, 231 (2d Cir.1982). Thus, "the parties' intention to arbitrate [can] be determined not only by the initial arbitration clause, but also by the text of the submission agreement." *Island Creek Coal Sales Co. v. Indiana-Kentucky Electric Corp.*, 366 F.Supp. 350, 353 (S.D.N.Y.1973). *Accord Textile Workers Union of America v. American Thread Co.*, 291 F.2d 894, 897 (2d Cir.1961).

■ In this case, petitioner asserts the panel had no authority to issue an award directly between Reyes and Czarnikow because there was no privity of contract between these parties. Petitioner's Memorandum of Law at 4. This argument, however, ignores the effect of the submission agreement signed by all three parties. This agreement cured any defect in the panel's jurisdiction that would have been caused by a lack of privity.

The submission stipulation leaves little room for interpretation. *See Island Creek Coal Sales Co.*, 366 F.Supp. at 353. According to the agreement's plain meaning, the parties left it to the panel to decide whether the owner or charterer, or both, should pay Czarnikow's stipulated loss of $27,500. The explanation proffered by petitioner is the following.

It was entirely possible, and in fact contended by Reyes, that even if Reyes was at fault for the fact of a shortloading, nevertheless the extent of Reyes' obligation to Manumante was less than that of Manumante to Czarnikow. Thus, Reyes' obligation to indemnify Manumante might have been less than Czarnikow's damages. Therefore, the stipulation properly spoke of an apportionment.

Petitioner's Memorandum of Law at 7. Petitioner contends this explanation is supported by an unexecuted draft of the submission agreement which would have allowed the agreed amount of Czarnikow's damages to be "assessed ... against" either Manumante or Reyes, or both. Affidavit of Jack A. Greenbaum, Esq., counsel for petitioner, sworn to on July 11, 1986, at 4. Petitioner contends the change from "assess" to "apportion" was made to avoid the very result which eventually occurred, i.e. the imposition of damages directly between Czarnikow and Reyes. *Id.* That explanation "might be charitably characterized as a *post hoc* rationalization." *Island Creek Coal Sales Co.*, 366 F.Supp. at 354. *See also National Bulk Carriers, Inc. v. Princess Management Co.*, 597 F.2d 819, 820 (2d Cir.1979).[3] This Court instead ac-

---

3. The agreement constituted a bargain between the parties, which, like any such bargain, was reached against the background of a multitude of variables, including the risk of insolvency of a party. In view of the facts herein, this Court is unwilling to renegotiate this bargain for petitioner. *See Federal Commerce & Navigation Co. v. Kanematsu-Gosho, Ltd.*, 457 F.2d 387, 390 (2d Cir.1972) (quoting Note, Judicial Review of Arbitration Award on the Merits, 63 Harv.L.Rev. 681, 681 (1950)) ("[J]udicial intervention into arbitration substitutes the rule of a court for that of 'men familiar with the practical intricacies of their type of relationship and disposed to give weight to nonlegal factors....'")

cepts Czarnikow's explanation that the change was intended to provide that in the event Reyes and Manumante were both found to be at fault, each would be responsible directly to Czarnikow only for the amount corresponding to its proportionate share of the fault, rather than for the full amount under joint and several liability to Czarnikow. Affidavit of Stephen J. Buckley, Esq., counsel for Czarnikow, sworn to on August 5, 1986, at 5.

Accordingly, the petition to vacate or modify the award of the panel is denied.

SO ORDERED.