## HOOGOVENS IJMUIDEN VERKOOPKANTOOR B.V., Plaintiff,

v.

## M.V. "SEA CATTLEYA," her engines, boilers, etc.,

v.

## VAN OMMEREN BULK SHIPPING B.V.; South Success Shipping Inc.; and Sanko Steamship Co., Ltd., Defendants.

No. 93 Civ. 3859 (WK).

United States District Court, S.D. New York.

May 3, 1994.

William R. Connor III, Bigham, Englar, Jones & Houston, New York City, for plaintiff.

Christopher H. Mansuy, Walker & Corsa, New York City, for Van Ommeren Bulk Shipping, B.V.

Thomas H. Healey, New York City, for South Success Shipping, Inc. and Sanko S.S. Co., Ltd.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

This is an admiralty action relating to damage caused to steel coils during their carriage from the Netherlands to the United States. Defendant Van Ommeren Bulk Shipping B.V. ("Van Ommeren"), one of the parties which shipped the coils, moves pursuant to the Convention on the Recognition of Foreign Arbitral Awards ("Arbitration Convention"), 9 U.S.C. § 201 *et seq.*, to stay proceedings against it pending arbitration in the Netherlands. Defendant Sanko Steamship Co. Ltd. ("Sanko") moves to amend its answer to state a cross-claim for indemnity and contribution against Van Ommeren.

Van Ommeren asserts that according to the terms of the charter party which it and plaintiff entered into on January 12, 1989, in Ijmuiden, Netherlands, for the purpose of shipping plaintiff's steel coils to Bridgeport, Connecticut, plaintiff must arbitrate its cargo damage claim in the Netherlands. Clause 24 of that charter states: "General Average and arbitration to be settled in the Netherlands." Def. Ex. A at 3. Van Ommeren interprets this clause to require the parties to submit *all* disputes arising in connection with the charter to arbitration in the Netherlands. In support of this interpretation, it cites Judge Leisure's decision in *Oriental Commercial & Shipping Co. v. Rosseel, N.V.* (S.D.N.Y.1985) 609 F.Supp. 75, 77.

In *Rosseel,* defendant moved to compel arbitration under the Arbitration Convention, based on the clause in a sales contract, "Arbitration: If required in New York City." Applying federal law to determine whether or not the parties to a foreign contract have agreed to arbitrate, the court ruled that the clause bound the parties to arbitration of all claims arising with respect to the contract. 609 F.Supp. at 78. It reasoned that "[a]rbitration clauses must be interpreted broadly, and all doubts as to whether a dispute is encompassed by a particular clause must be resolved in favor of arbitration, even where the problem is the construction of the contract language itself," 609 F.Supp. at 77, relying on *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983) 460 U.S. 1, 23–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765.

Plaintiff, on the other hand, asserts that the clause merely states the parties' choice of situs for any arbitration relating to the charter, *if* the parties were to voluntarily decide to arbitrate claims, or if such arbitration were otherwise required. Alternatively, plaintiff suggests that the clause only requires the parties to arbitrate general average claims in the Netherlands, no such claims being asserted in this suit.

Regretfully, we must disagree with Judge Leisure's interpretation of a very similar clause in *Rosseel.* In so doing, we note that the contractual clause actually involved in *Moses Cone,* unlike the clauses at issue here and in *Rosseel,* unambiguously imposed compulsory arbitration. The *Moses Cone* clause provided, 460 U.S. at 5, 103 S.Ct. at 931:

**8**

[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, ... *shall be decided by arbitration* ... unless the parties mutually agree otherwise. (Emphasis added).

■ The first inquiry in a case governed by the Arbitration Convention is whether or not the parties have made "any agreement in writing to arbitrate the subject in dispute." *Filanto, S.P.A. v. Chilewich Intern. Corp.*[1] (S.D.N.Y.1992) 789 F.Supp. 1229, 1236, *quoting Ledee v. Ceramiche Ragno* (1st Cir.1982) 684 F.2d 184, 186–87. Where no such agreement exists, the court has no jurisdiction under the Arbitration Convention and its implementing legislation to stay a federal action or to compel arbitration. *Id.* We find that clause 24 of the January 1989 charter party is no more than an agreement that, if arbitration were to be conducted whether voluntarily agreed upon or required by some other contractual clause, it would proceed in the Netherlands. Therefore, we have no authority under the Arbitration Convention to stay proceedings against Van Ommeren pending arbitration.

### CONCLUSION

For the above mentioned reasons, we deny defendant Van Ommeren's motion. However, we grant defendant Sanko's motion, which received no opposition at argument, to amend its answer to state a cross-claim for indemnity and contribution against Van Ommeren.

SO ORDERED.

---

**1.** An appeal from *Filanto* was dismissed for lack of appellate jurisdiction in *Filanto, S.p.A. v. Chi-* *lewich Intern. Corp.* (2nd Cir.1993) 984 F.2d 58, 61.